893 F.2d 87
 Arthur J. BLANCHARD, Plaintiff-Appellant,
v.
James BERGERON, Sheriff Charles Fuselier, ABC Insurance
Company, DEF Insurance Company, Barry Breaux, Oudrey Gros,
Jr., Darrell Revere, Oudrey's Odyssey Lounge, and GHI
Insurance Company, Defendants-Appellees.
 No. 86-4832.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 31, 1990.
 
 William W. Rosen, New Orleans, La., for plaintiff-appellant.
 Edmond L. Guidry, III, Martinville, La., for defendants-appellees.
 Appeal from the United States District Court for the Western District of Louisiana.
 On Remand from the Supreme Court of the United States
 Before RUBIN, GARZA, and JONES, Circuit Judges.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 This case returns to us from the Supreme Court, which overruled our holding that Blanchard's Sec. 1988 attorneys' fees are confined to the amount prescribed in his contingent fee contract with his attorney. Blanchard v. Bergeron, --- U.S. ----, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). We must, unfortunately, vacate and remand for further consideration by the district court of the proper award of fees in his case.
 
 I. Fees Through Trial
 
 2
 Although Blanchard sought attorney's fees of about $46,000, including out-of-pocket costs exceeding $5,000, for the course of proceedings through trial, the district court awarded $7,500 in attorneys fees and $886.92 for costs and expenses. Blanchard contested the reductions, and he prevailed before our court on the award of costs. The trial defendants, in their brief on remand from the Supreme Court, no longer contest our award to Bergeron of $4,499.52 in costs, which reversed the district court. That matter is settled.
 
 
 3
 As for the attorneys' fees incurred in the district court, Blanchard argues that he is entitled to the amount requested on several grounds. First, he alleges that his time records are not indecipherable or illegible and should not have been discounted for that reason. Second, he disagrees with the court's findings that the case was "simple" and that his attorneys abused their billing judgment in accruing a fee of over $38,000 through trial. Third, he contends that the district court, contrary to the recent command of the Supreme Court,[1] failed to award compensation for time incurred by his attorneys' law clerks and paralegal employees. Fourth, Blanchard contends that his attorney was entitled to receive compensation at his current billing rates to make up for the delay in being paid for his services. The case was filed in 1984, and his attorney has not yet received payment for services rendered.
 
 
 4
 The purpose of the statutory provision for awarding attorneys' fees in civil rights cases is to ensure effective access to the judicial process for persons with such grievances. Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983). We review the overall amount of a prevailing party's fee award with an eye to determining whether the district court abused its discretion. Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. The district court's findings of subsidiary fact govern unless they are clearly erroneous. Brantley v. Surles, 804 F.2d 321, 326 (5th Cir.1986). If the district court has articulated and clearly applied the criteria for analyzing Sec. 1988 attorneys' fee requests[2], we will not require the trial court's findings to be so excruciatingly explicit in this area of minutiae that decisions on fee awards consume more judicial paper than did the cases from which they arose. As we have held, "our concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." Brantley, 804 F.2d at 325-26.
 
 
 5
 The district court took notice of Blanchard's request for over 385 hours of legal time spent by chief counsel, two co-counsel, paralegals and law clerks. Enunciating the proper Supreme Court and Fifth Circuit criteria, the court focused particularly on whether this expenditure of time represented reasonable billing judgment, given the circumstances of the case. Hensley, 461 U.S. at 435, 103 S.Ct. at 1939-40. The court concluded that it did not, because the case consumed less than three days of trial and was not legally or factually difficult. We would add that there were only two defendants by the time the case reached trial, and the only claim tried in the federal aspect of plaintiff's case was whether the defendant sheriff had exercised unreasonable force in evicting him from Oudry's Odyssey Lounge.
 
 
 6
 The district court next disagreed with counsel's requested billing rates ranging between $100 and $150 per hour for attorneys' work. Evidence in the record persuaded the court that customary fees in the community were lower, and it limited the legal fees to $100 per hour.
 
 
 7
 The court found plaintiff's attorney's fee records "inadequate and difficult to decipher," and refused to award a recovery of fees for the vaguely enumerated hours as well as for claims for time spent researching Louisiana damages and pendent jurisdiction issues. The court did address each of the Johnson factors in its analysis, although its reference to some of those factors was perfunctory as guided by the circumstances of this case.
 
 
 8
 Having decided to award compensation for only 97 hours and 20 minutes rather than the 385 hours claimed by Blanchard, the court arrived at a "lodestar" figure of $9,270. The lodestar assumed a $100 hourly rate. The court finally reduced this figure further to account for "the elemental nature of this litigation and the contingency fee arrangement entered in this matter."
 
 
 9
 Taking Blanchard's first and second arguments as recited above, we are not persuaded that the trial court clearly erred in refusing to award compensation for time records that it found unduly vague. We can attest that some of the references to work performed are cryptic. Likewise, we do not differ with the district court's general finding that the case was "simple" and did not justify attorneys' fees exceeding $38,000 through trial. Blanchard contends that extra time was devoted to handling this case because some witnesses had to be interviewed out of town. On the other hand, defense counsel's opposition to plaintiff's fee request asserted that defense counsel had charged their clients only $11,000 in attorneys' fees, despite having represented the defendants longer than plaintiff's counsel had participated in the case. We do not here hold or imply that there must be a symmetry between awards to plaintiff's and defense counsel in civil rights cases; our point is rather that Blanchard requested four times as much as defense counsel charged for the case. The court observed that there had been little pretrial motion practice in the case, and no other Johnson factors suggested that the case was exceptional in any way. Of course, the plaintiff's contingent fee contract would have authorized only a $4,000 fee award. Blanchard's protests, although sincere, simply do not demonstrate clear error by the trial court, which had a much better opportunity than do we to evaluate the legal demands on plaintiff's counsel in the case.
 
 
 10
 Although the court's general findings of simplicity and abuse of billing judgment must be upheld, we are nevertheless unable to affirm the court's ultimate fee award of $7,500 as the record now stands. The Supreme Court instructed in Hensley v. Eckerhart that
 
 
 11
 [while] the district court has discretion in determining the amount of a fee award, ... [i]t remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award.
 
 
 12
 461 U.S. at 438, 103 S.Ct. at 1941. The court failed to provide a "concise and clear" explanation of three items critical to the final fee award: its allocation of hours; its treatment of law clerk and paralegal time; and any possible compensation for delay. It follows that we are unable to perform appellate review with any certainty, and the court must elucidate these matters on remand.
 
 
 13
 First, the court stated in conclusory terms that the case justified no more in attorneys' time than 97.2 hours at an hourly rate of $100. How the court arrived at this conclusion cannot be seen from the record. If, for instance, the court had stated that the time required for pleadings, pretrial motion practice, depositions and discovery and trial, based on Blanchard's application and the court's docket, should not have taken more than 100 hours, we would know that the file had been evaluated. No such statement was made. And while we emphasize that attorneys' fee litigation should not require specific reasoning by the trial court to justify every facet of its decision, the opposite extreme--a wholly conclusory decision--was presented here. We have no inkling why the court awarded about 100 hours of legal time, as opposed to 200 hours or 50 hours. On remand, the court should provide some explication for its choice of the reasonably necessary amount of hours.
 
 
 14
 Our inability to review the amount of the award is compounded by the court's failure to explain its treatment of law clerk and paralegal time charges and its failure to explain its treatment of Blanchard's request for compensation for the delay in receiving payment. These matters comprise Blanchard's third and fourth objections to the fee award. On the matter of law clerk and paralegal fees, the court's opinion is unclear as to whether those were denied as an abuse of billing judgment or as a matter of law. The Supreme Court has recently told us that law clerk and paralegal fees are reimbursable under Sec. 1988 as attorneys' fees. Missouri v. Jenkins, --- U.S. ----, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). This holding is qualified only by the statement that a question of fact may arise whether, in a given community, the practice is to bill such quasi-legal expenses within or separately from the attorneys' hourly rate. --- U.S. at ----, 109 S.Ct. at 2471. Thus, if the district court excluded reimbursement for paralegal and law clerk time on the ground that they were not included in "attorneys' fees", its decision is wrong. If these charges were included, but were reduced as an excessive component of the fee request, the court should so state. As another alternative, the court may have to re-evaluate these charges if its decision was based on an implicit, but unsupported, factual assumption concerning the local billing procedures in the Baton Rouge community.
 
 
 15
 Finally, Blanchard's fee request urged an award at $150 per hour, based on his attorneys' rate at the time judgment was entered. His later submission to this court suggests that his attorney now charges $175 per hour. The trial court order provided $100 per hour. The Supreme Court and this court have authorized payment at billing rates effective after judgment was entered as a means to compensate an attorney in a civil rights case for his delay in compensation. Missouri v. Jenkins, --- U.S. at ----, 109 S.Ct. at 2468-69. The trial court did not explain its failure to permit a stepped-up rate here, although only two years had elapsed between the time this case was filed and the entry of the court's judgment. On remand, the court should consider the factor of delay. We note in this connection that judgment interest has accrued and continues to accrue on the attorneys' fee award entered October 23, 1986. Copper Liquor, Inc. v. Adolph Coors, Co., 701 F.2d 542, 543 (5th Cir.1983).
 
 II. Appellate Fees
 
 16
 Because we vacate and remand the award of attorneys' fees for the proceedings through trial, it is appropriate also to remand Blanchard's claim for attorneys' fees and expenses in the Fifth Circuit and Supreme Court, and to allow Blanchard the opportunity to substantiate his hourly rate and the amount of time reasonably spent on appeals. If the court deviates from the amounts requested by Blanchard, its award should separate the fees and expenses attributable to each step of the appellate process. The same rules that undergird Sec. 1988 fee awards through trial apply to appellate fee claims as well.
 
 
 17
 VACATED and REMANDED.
 
 
 
 [1]
 Missouri v. Jenkins, --- U.S. ----, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)
 
 
 [2]
 The Supreme Court has placed primary emphasis on calculation of the "lodestar," a guidepost set by multiplying the number of hours expended on the litigation by a reasonable hourly rate. Blanchard, supra; Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); and Hensley, supra. This circuit's Johnson factors should additionally be considered by the district courts as they are appropriate to determining fees in individual cases. See Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974), as explained in Brantley v. Surles, supra