**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-20925
No. 95-20168
Summary Calendar
_____


JED BLUDWORTH and JONELL BURNETT,

Plaintiffs-Appellees,

VERSUS

BUBBA HOKE, BARRY GRESHAM, and WALKER COUNTY, TEXAS,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-93-398)
_____

November 21, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Donald Hoke, Barry Gresham, and Walker County ("defendants") appeal a default judgment, two evidentiary rulings, and an award of attorney's fees. We affirm as to the default judgment and evidentiary rulings and remand for reconsideration of the amount of

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

attorney's fees.

## I.

Jed Bludworth and Jonell Burnett ("plaintiffs") brought this § 1983 action against Walker County and two of its sheriff's deputies, Hoke and Gresham ("deputies"), alleging that the deputies forced their way into Burnett's house, brutally assaulted Bludworth, and arrested and imprisoned Bludworth without cause. Defendants filed a timely motion to dismiss for failure to state a claim, which the district court denied, and the parties engaged in substantial discovery during the following twelve months. Defendants later filed an answer, one week before the scheduled start of trial and eleven months after it was due. They also filed a portion of a proposed pretrial order the following day. Plaintiffs moved to strike the untimely answer, and the court issued a "judgment nil dicit," striking the answer and accepting the allegations of the complaint as true.

After a trial on damages, a jury awarded Bludworth and Burnett $10,000 each for mental anguish and $50,000 each in punitive damages. The court then awarded them $37,800 in attorney's fees.

## II.

### A.

Defendants argue that the district court erred in granting "judgment nil dicit." The district court entered the judgment because defendants first failed to file a timely answer and then

2

filed an untimely one in bad faith. As defendants answered eleven months late, and the court had reminded them on several occasions of the need to file an answer, the court found that their delay in answering was willful. The court also found that the late answer was an improper general denial, as it failed to admit many facts that were not reasonably in issue. Because defendants had completed sixteen months of discovery before making the general denials on the eve of trial, the district court concluded that they did not answer in good faith.

Defendants contend that they avoided default by (1) presenting meritorious defenses in their motion to dismiss, motion for summary judgment, and proposed pretrial order; (2) showing good cause for their failure to answer timely; (3) actively defending the suit; and (4) causing no prejudice to plaintiffs. They also argue that default judgment is improper when defense attorneys, rather than defendants themselves, cause the default.

Plaintiffs respond that the district court's finding that defendants willfully failed to answer is not clear error. Plaintiffs also argue that defendants have never presented meritorious defenses, as the late answer is an invalid general denial, and the proposed pretrial order was never entered. In their reply, defendants concede that reversal is not mandatory; rather, they ask us to exercise our supposed discretion to reverse the district court's exercise of its discretion.

B.

3

We interpret the "judgment nil dicit" as an entry of default judgment pursuant to FED. R. CIV. P. 55(b)(2), which permits a district court to enter a judgment of default against a party who has appeared in an action but failed to plead. We review a district court's judgment of default for abuse of discretion and its subsidiary findings of fact for clear error. CJC Holdings v. Wright & Lato, 979 F.2d 60, 63-64 (5th Cir. 1992). Because we favor adjudicating cases on their merits, "even a slight abuse [of discretion] may justify reversal." Id. at 63 n.1 (quoting Williams v. New Orleans Pub. Serv., 728 F.2d 730, 734 (5th Cir. 1984)); In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992).

We must determine whether there is "good cause" to set aside the default. We may consider a variety of factors, including "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." CJC Holdings, 979 F.2d at 64. If a defendant's failure to plead does not result from excusable neglect, it is within the district court's discretion to enter default judgment without considering other factors. Id.; Dierschke, 975 F.2d at 184.

## C.

The district court found that defendants willfully failed to file a timely answer, implicitly rejecting their claim of excusable neglect. The court found that the delay was willful because (1) it asked defendants several times to file an answer, and (2) defen-

4

dants "have no explanation for the eleven-month delay." This finding is not clear error.

Defendants first contend that the district court reminded them only once, not several times, of the need to file an answer. Their only support for this contention is their attorney's affidavit. We accept the district court's version of what occurred.

Defendants next argue that the district court ignored conclusive proof that their neglect is excusable. The district court observed in its opinion on the "judgment nil dicit" that defendants had offered no explanation for their failure to file a timely answer. In their motion to set aside the judgment, defendants claimed that they had prepared an answer months earlier but forgot to file it. The district court denied the motion, implicitly rejecting this excuse.

The district court's disbelief is not clear error. First, defendants failed at least twice——once after the motion to dismiss was denied and once after the conceded warning——to file their answer. Second, the answer they did eventually file violated FED. R. CIV. P. 8(b), which prohibits general denials. Defendants admit as much, arguing that the pretrial order superseded the pleadings and relieved them of the need to file an answer meeting the minimal requirements of the Federal Rules of Civil Procedure. Third, defendants took a contrary position in the district court, arguing implausibly in their motion to set aside the judgment that they had "admitted to all material factual assertions which they c[ould]" in their answer. Finally, defendants' "conclusive[]" proof consists

5

only of their own attorneys' self-serving affidavits and computer records.  Defense counsel overestimate their credibility.

### D.

Finally, defendants' active defense of this case is irrelevant.  Rule 55 permits judgment by default when a party "has failed to plead <u>or</u> otherwise defend."  FED. R. CIV. P. 55(a) (emphasis added).  Default judgment is proper on <u>either</u> basis.  <u>See generally</u> 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.03[1] (2d ed. 1991).  "[O]therwise defend[ing]" does not save defendants from their failure to plead.

Defendants' failure to file a timely answer did not result from excusable neglect.  Thus, the judgment of default is not an abuse of discretion.

### III.

The deputies contend that the district court erred by (1) excluding their testimony as to their states of mind and (2) ruling that if the deputies testified about their net worth, it would permit plaintiffs to introduce evidence of the deputies' liability insurance.  We review a district court's evidentiary rulings for clear error.  <u>Williams v. Briggs Co.</u>, 62 F.3d 703, 707 (5th Cir. 1995).

### A.

The deputies contend that evidence of their states of mind is

6

relevant to the determination of punitive damages. Under Texas law, an award of punitives depends in part upon "the degree of culpability of the wrongdoer." Alamo Nat'l Bank v. Kraus, 616 S.W.2d 908, 910 (Tex. 1981).

Accepting the allegations of the complaint as true, the district court read a statement to the jury describing a brutal and unprovoked assault during which the deputies slammed Bludworth into a kitchen counter, dragged him into another room by his hair, shoved his face into a sofa cushion, and responded to Burnett's pleas to let her son up and stop suffocating him by lifting Bludworth up and then kneeing him in the groin and hitting him several times in the stomach. The district court did not abuse its discretion by finding that the intent behind the deputies' actions spoke for itself.

### B.

The deputies next contend that they were entitled to testify about their net worth, because a defendant's ability to pay is relevant to the award of punitive damages. The district court agreed, ruling that (1) the deputies could inject their ability to pay into the case, and (2) if they did so, plaintiffs could also present evidence of the deputies' ability to pay, including their liability insurance.

The deputies argue only that the latter ruling violated FED.

7

R. EVID. 411.[1]  Rule 411 excludes evidence of liability insurance only as proof of fault; it does not speak to damages.  23 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE § 5364 (1980).  This argument is meritless.

IV.

Defendants claim that the district court's award of $37,800 in attorney's fees is excessive, because (1) plaintiffs' attorneys failed to keep sufficiently detailed records, (2) plaintiffs obtained only limited success at trial, and (3) the lead attorney's claimed billing rate is exorbitant.  We review the district court's award of attorney's fees for abuse of discretion and findings of fact supporting the award for clear error.  Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir.), cert. denied, 114 S. Ct. 548 (1993).  The district court awarded plaintiffs $36,400 for 113 hours worked by their lead counsel, at the rate of $325 per hour, and $1,400 for 22 hours of work by another attorney with a lower billing rate.

A.

---

[1]  The rule states:

Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongly.  This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

FED. R. EVID. 411 (emphasis added).

8

Defendants' first two contentions are meritless.  First, we have reviewed the time records and found them to be "sufficiently detailed to allow the [district] court to make an independent evaluation of whether the hours claimed are justified."  In re Lawler, 807 F.2d 1207, 1212 (5th Cir. 1987).

Second, $37,800 is not excessive in light of "the significance of the overall relief obtained."  Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).  Bludworth and Burnett each received $10,000 for emotional harm and $50,000 in punitive damages.  If the deputies truly believe that the award of $100,000 in punitives is a poor result for plaintiffs, the jury should have awarded more.

B.

Defendants are correct that $325 is a high hourly rate in the Houston market.  Plaintiffs prepared a memorandum on fees awarded in other cases in Houston, however, showing that awards of up to $300 have not been uncommon.  Defendants countered with evidence of only (1) the rate awarded in one old case and (2) their own billing rate of $100 per hour.  Plaintiffs observe:

> While [defense] counsel's hourly rate is undoubtedly justified, given his manifest command and mastery of the Federal Rules of Civil Procedure . . . the rate charged by [defense counsel], who presented no controverting evidence or affidavits to establish the reasonableness of plaintiffs' attorney's fees[,] fails to present any meaningful challenge to the district court's award.

Plaintiffs are correct that based upon the lopsided record before the district court, its finding that $325 is a reasonable hourly rate is not, by itself, clear error.

9

C.

A district court may not base its fee award only upon awards in other cases, however; instead, it must consider the twelve <u>Johnson</u> factors in determining the amount of a reasonable fee. <u>Cobb v. Miller</u>, 818 F.2d 1227, 1231 (5th Cir. 1987). These factors include the skill necessary to litigate the case, the time and labor required, the difficulty of the questions presented, time limitations, and counsel's experience. <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714, 717-19 (5th Cir. 1974). While we need not remand solely because a district court fails to make solid findings on each of the twelve <u>Johnson</u> factors, we must remand when the record does not clearly indicate that the district court considered those factors. <u>Cobb</u>, 818 F.2d at 1232.

The district court did not write an opinion on its fee award. Instead, the court's conclusions appear in an excerpt of a hearing transcript, in which the court made only two relevant findings: (1) that plaintiffs are entitled to fees for all of the hours claimed and (2) that "for a [p]laintiff's civil rights lawyer operating in South Texas under the practical and legal constraints . . . $325 an hour is a reasonable rate for reasonably necessary time spent."

While the district court's reasoning appears sound, it is also incomplete. Under <u>Johnson</u>, a district court must make an individu-alized fee determination. Obviously, a court would abuse its discretion by awarding the same amount in every case; similarly, a determination based solely upon rates awarded in other cases,

10

without consideration of whether those cases are comparable in light of the <u>Johnson</u> factors, would warrant reversal.

We may affirm only after reviewing a record that demonstrates that the court's discretion was guided by proper factual and legal criteria. <u>Blanchard v. Bergeron</u>, 893 F.2d 87, 89 (5th Cir. 1990). This appears to have been a straightforward case for plaintiffs, especially in light of the shortcomings of defense counsel, and $325 per hour is at the high end of the range of reasonable hourly rates. The district court should have explained its award in light of the relevant <u>Johnson</u> factors.

We AFFIRM the "judgment nil dicit" and evidentiary rulings and REMAND for reconsideration of the reasonable amount of attorney's fees.