# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2015

Lyle W. Cayce
Clerk

JOY A. JOLIVETTE,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC 2:12-CV-1740

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Joy Jolivette sought review of the Commissioner of Social Security's denial of her claim for benefits. The district court affirmed the denial, but, on appeal to this court, the Commissioner filed a motion for remand for further administrative proceedings. We granted the motion. Benefits were later awarded. Thereafter, the district court awarded $5,700 in attorney's fees

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30189

under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  Jolivette appeals on the amount of attorney's fees, arguing that the district court failed to include paralegal fees in its analysis.

Jolivette originally requested attorney's fees totaling $11,062.50.  The request included eight hours of attorney time at the district court and two and one-half hours of attorney time at the appellate level, both billed at $150 per hour.  It also included 51.5 hours of paralegal time at the district court and 75 hours at the appellate level, all billed at $75 per hour.  The government did not dispute that Jolivette was entitled to an award of attorney's fees nor did it dispute the hourly rate.  It did, though, oppose the number of reported hours as excessive.

The district court found that the request was grossly excessive and unreasonable.  It looked at other EAJA fee awards in Social Security cases and found that the general range of hours for which fees were sought was 17-30 hours, far short of the 10.5 attorney hours and 126.5 paralegal hours presented in this case.  It found that the case was not particularly difficult; the case did not present novel issues; and both the plaintiff's attorney and his paralegal had extensive experience in Social Security representation.  It also noted that "much of the attorney's time in this case was not directly performed on the case, but was time spent talking to his legal assistant about the case.  Hours for intra-office communications are not appropriate billable charges." Therefore, it determined that it should have taken a maximum of 30 hours to handle the case at the district court and eight hours to convert the trial brief into an appellate brief.  It allowed for all 38 hours to be billed at the full attorney's hourly rate of $150 and granted a total award of $5,700.

On appeal, Jolivette cites to several cases for the proposition that district courts should provide a "concise and clear" explanation of their decision on attorney's fees.  In one case, this court reversed a district court's award of

2

attorney's fees because the district court had "stated in conclusory terms" that the hours claimed were not justified by the case. *Blanchard v. Bergeron*, 893 F.2d 87, 90 (5th Cir. 1990). We explained that the court should have discussed the work the case required and why it should have taken fewer hours. *Id.* at 90–91. We remanded for "some explication for [the district court's] choice of the reasonably necessary amount of hours." *Id.* at 91.

Furthermore, the district court in *Blanchard* did not explain why it failed to make a separate award for paralegal fees. *Id.* It awarded fewer hours of attorney work than the attorney requested and did not mention paralegal hours, though paralegal hours were reimbursable under the statute. *Id.* This court remanded for an explanation of whether the district court had denied paralegal fees as a matter of law or as an abuse of billing judgment. *Id.*

"We review a district court's decision to grant or deny a party's request for attorney's fees pursuant to the EAJA for abuse of discretion." *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011). Here, the district court gave a concise and clear explanation of its findings by discussing the usual time these cases require, the relative ease of this particular case, and the experience level of the attorney and paralegal. It is true that the district court did not expressly specify whether it had reduced the requested paralegal fees or if it had disallowed them as a matter of law, but clearly the overall bill was reduced. The district court allowed more hours at the attorney rate than the attorney requested. Therefore, the number of hours for which the district court granted an award necessarily must have included an award for paralegal work. In *Blanchard*, we had no way of knowing whether the district court had included paralegal fees because it gave fewer attorney hours than requested. *See Blanchard*, 893 F.2d at 89–90. That is not the case here. The district court did not abuse its discretion in making the award. AFFIRMED.