Julie GOOS, Appellant,

v.

NATIONAL ASSOCIATION OF
REALTORS, Appellee.

No. 94–7182.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 22, 1995.

Decided Oct. 31, 1995.

Alan Banov, Washington, DC, argued the cause and filed the briefs, for appellant.

David D. Hudgins, Alexandria, VA, argued the cause and filed the brief, for appellee.

Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.

Dissenting Opinion filed by Circuit Judge RANDOLPH.

WALD, Circuit Judge:

 This attorney's fees dispute arises out of a lawsuit tried in 1989, in which a jury found that Julie Goos was improperly dismissed by her employer, the National Association of Realtors ("NAR"), in violation of the District of Columbia Human Rights Act ("DCHRA"), and awarded her $9,000 of the $20,000 in backpay and lost benefits she had sought. Following the jury verdict, Goos applied for attorney's fees pursuant to the DCHRA, and the district court reduced by 30% the $13,793 in fees she had incurred before NAR had made a settlement offer, basing this reduction on the fact that Goos had failed to prevail on a second count of her complaint in which she had alleged that the NAR had breached its employment contract with her.[1] The court further reduced this lesser amount by 50% to account for her limited success on her retaliatory discharge count, resulting in an award of $4,827.[2] We remanded to the district court for a recalculation, holding that the two counts in Goos' complaint involved a common core of facts, and that the district court should not, under the Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), have made the 30% deduction for Goos' failure to prevail on Count II.

*Goos v. National Ass'n of Realtors*, 997 F.2d 1565 (D.C.Cir.1993) ("*Goos I*"). We instructed the district court to treat the two counts as related, and to determine the appropriate fee in relation to the overall results obtained by Goos. On remand, the district court reduced Goos' requested fees of $13,793 by 65%, resulting in the exact same fee award as before—$4,827. We find that this reduction was not justified, because the district court failed to explain how it reached the new and higher 65% reduction in relation to Ms. Goos' degree of success in her lawsuit, and because the court appeared to rely again on the fact that Goos raised and failed to prevail on Count II as an independent justification for reducing her fees. Accordingly, we remand the case.

## I. BACKGROUND

The facts of this case have been discussed at length in our previous opinion and in the memoranda issued by the district court. *See Goos I*, 997 F.2d 1565 (D.C.Cir.1993); *Goos v. National Ass'n of Realtors*, No. 88–2926, Mem.Op. (D.D.C. Aug. 8, 1994) ("Mem.Op."); *Goos v. National Ass'n of Realtors*, 57 Fair. Empl.Prac.Cas. (BNA) 1531, 1991 WL 333725 (D.D.C.1991). We summarize them briefly here.

### A. *Underlying Litigation*

In 1988, Julie Goos filed a complaint against her former employer, the National Association of Realtors. Goos alleged that

---

1. In addition to her pre-settlement fees of $13,-793, Goos incurred post-settlement fees of $18,-219. *See Goos v. National Ass'n of Realtors*, 57 Fair.Empl.Prac.Cas. (BNA) 1531, 1991 WL 333725 (D.D.C.1991). The NAR had made a settlement offer of $18,000 pursuant to FED. R.CIV.P. 68, which provides: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer."

 The "costs incurred after making the offer" include attorney's fees. *See Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Moreover, the "judgment finally obtained by the offeree" includes both the jury verdict as well as the pre-settlement fees and costs ultimately awarded by the court. *See Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir.1986). Thus, where an offer has been made pursuant to Rule 68, the district court must first determine the proper

pre-settlement offer fees and then add them to the damages awarded. Only if that sum exceeds the offer should the district court proceed to determine the post-settlement fees.

Here, the district court awarded Goos' pre-settlement fees and costs of $8,217. Because that amount, when added to the jury verdict of $9,000, was less than the $18,000 offer, the court did not reach the issue of post-settlement fees. On remand, however, if the district court determines that Goos is entitled to pre-settlement fees and costs in excess of $9,000, she will no longer be barred under Rule 68 from recovering her post-settlement fees as well.

2. The district court then added 5% to this amount to account for the delay between the filing of the fee petition and the awarding of fees, and added the $3,149 in costs incurred by counsel, for a total award of $8,217. Neither of these adjustments is in dispute here.

the NAR had discharged her because she had opposed the dismissal of a subordinate, Reina Squire, whose termination Goos believed was racially motivated.

Ms. Goos' complaint contained two counts. In Count I she alleged her own discharge was retaliatory, in violation of the District of Columbia Human Rights Act; in Count II she alleged that the NAR had breached its contract with her by violating the procedures set forth in its employee handbook. Shortly before trial, the district court granted summary judgment in favor of the NAR on Count II. Also before trial, the NAR extended an "Offer of Judgment" to Ms. Goos, pursuant to FED.R.CIV.P. 68, in the amount of $18,000. Ms. Goos rejected the offer, and tried the case before a jury.

In her original complaint, Ms. Goos had sought $500,000 for loss of pay and other benefits, and $1 million for "embarrassment, humiliation, indignity, and other injuries." At trial, Ms. Goos introduced evidence of approximately $20,000 in damages for backpay and lost benefits. The jury found in her favor on the retaliatory discharge claim and awarded her $9,000 in damages.

## B. *Fee Dispute*

After recovering the $9,000 in damages under Count I, Ms. Goos petitioned the district court for attorney's fees pursuant to §§ 2553(a)(1)(E) and 2556(b) of the DCHRA. The court determined that counsel had generated $13,793 in fees prior to the time that the NAR made its offer of judgment, and then reduced this amount by 30% to account for time spent on Count II, on which Ms. Goos had not been successful, yielding a subtotal of $9,655. The court then reduced this subtotal by an additional 50%, due to the limited nature of Ms. Goos' success on Count I, bringing the award to $4,827. Finally, the court added 5% to this amount to account for the two-year delay between the filing of the fee petition and the awarding of fees (bringing the total to $5,068), and added this amount to the $3,149 in costs incurred by counsel, yielding a grand total of $8,217.

Ms. Goos appealed this fee award, arguing, *inter alia,* that the district court had misapplied the test set forth in *Hensley* for determining fees when a plaintiff prevails on some but not all of the counts of her complaint. Ms. Goos argued that both counts involved a central issue—whether the NAR had improperly dismissed her for retaliatory reasons—and therefore shared a "common core of facts." *See Hensley,* 461 U.S. at 434–35, 103 S.Ct. at 1939–40. We agreed, finding that "both claims focused on a single, necessary factual issue: whether the NAR had dismissed Ms. Goos in retaliation for her refusal to dismiss Ms. Squire." *Goos I,* 997 F.2d at 1569. Accordingly, we found that the district court had erred in deducting 30% for Ms. Goos' failure on her Count II breach of contract claim, and remanded the case for the district court to recalculate the fee award by focusing on the " 'significance of the overall relief obtained by the plaintiff.' " *Id.* at 1571 (quoting *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940). In remanding, we noted that the determination of the appropriate reduction, if any, was "left to the discretion of the district court." *Id.* at 1572. We commented, however, that the district court was "on solid legal footing when it compares the $9,000 award to the [$20,000] relief requested by Ms. Goos." *Id.* And finally, we said that "because Ms. Goos' failure to prevail on her contract claim must be considered as part of the analysis, we remand the case." *Id.* at 1573.

On remand, the district court recalculated the fee award. The court started with the $13,793 in pre-settlement-offer fees, just as before. This time, however, the court reduced the $13,793 by 65% to account for Ms. Goos' limited success, yielding $4,827. The court then added 5% to account for the delay, and added the $3,149 in costs, giving a grand total of $8,217—exactly the same amount as before. The court offered the following explanation for why a 65% reduction was warranted:

> Although plaintiff asked for a $20,000 award of actual damages at trial, the jury awarded her only 45%, or $9,000. Additionally, while the work done on count 2 related to the work done on count 1, count 2 was admittedly redundant. The time was not *"reasonably* expended on the litigation." As such, the "relief obtained" for that work was zero, and would have been

even if plaintiff prevailed on count 2. Treating the counts as arising from a common nucleus of operative facts, as it must, this Court finds the total work done compared with the total relief obtained warrants a reduction in fees of 65%.

Mem.Op. at 3 (internal footnote and citations omitted).

## II. DISCUSSION

The nub of the dispute this time around is whether the district court abused its discretion in reducing Ms. Goos' presettlement-offer fees by 65%. Ms. Goos argues that this reduction was an abuse of discretion because at trial she had been awarded 45% of the $20,000 in backpay and benefits she was seeking. Moreover, she argues that the district court provided no clear explanation for why a 65% reduction for limited success was appropriate on remand, when the court had reduced fees by only 50% for limited success the first time it decided the matter. The NAR argues that the 65% reduction was not an abuse of discretion, because it was applied to the *total fees* requested for both Counts I and II, while the original 50% reduction had been applied only to the fees attributable to the successful Count I. Because the two percentage reductions were applied to different corpuses, the NAR argues, there is no reason why they should be the same. Indeed, the NAR notes, this court left the door open for just such a reduction when we said that the district court would " 'necessarily ha[ve] discretion' to determine the degree of plaintiff's success in pursuing her claims." *Goos I,* 997 F.2d at 1571 (alteration in original) (quoting *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941).

■ Although we reaffirm here that the district court does indeed have broad discretion to reduce requested fees when a plaintiff has achieved limited success on her basic claim, we find that the district court did not provide a rationale for its 65% reduction, other than the citation to the $9,000 jury award, and the "redundant" and unsuccessful nature of Count II. Under *Hensley,* once a court has determined that a plaintiff's different legal claims are based on the same factual scenario (which we did in *Goos I* ) or the

same legal theory, the court should determine fees by evaluating "the significance of the overall relief obtained ... in relation to the hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. This determination is left to the discretion of the district court, though *Hensley* did caution:

> It remains important, however, for the district court to provide a *concise but clear explanation of its reasons for the fee award.* When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.

*Id.* at 437, 103 S.Ct. at 1941 (emphasis supplied).

Moreover, the Supreme Court specifically addressed the situation we are faced with here—where the plaintiff has advanced multiple claims based on the same core set of facts or related legal theories, but has prevailed on only one:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances *the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.* Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Id.* at 435, 103 S.Ct. at 1940 (emphasis supplied) (internal citation omitted).

■ Thus, a plaintiff's failure to prevail on a related count is not in itself a sufficient ground for reducing her fees. It is a plaintiff's overall success, and not the number of counts she prevails on, that determines the amount of fees she is entitled to. *See Action on Smoking & Health v. Civil Aeronautics*

*Bd.,* 724 F.2d 211, 216 (D.C.Cir.1984) (where two claims challenging aircraft smoking regulations were "part and parcel of a single matter," we would "decline to disallow categorically" hours expended on the one unresolved claim, where appellant prevailed on the other claim).

Although at first blush it might seem odd to award attorney's fees based even in part on unsuccessful claims, the logic of this approach has been well explained:

> For tactical reasons and out of caution lawyers often try to state their client's claim in a number of different ways, some of which may fall by the wayside as the litigation proceeds. The lawyer has no right to advance a theory that is completely groundless or has no factual basis, but if he presents a congeries of theories each legally and factually plausible, he is not to be penalized just because some, or even all but one, are rejected, provided that the one or ones that succeed give him all that he reasonably could have asked for.

*Lenard v. Argento,* 808 F.2d 1242, 1245–46 (7th Cir.1987). The wisdom of this approach has been confirmed by many other courts that have addressed the issue. For example, in a recent case, the court remanded where the district court had reduced fees by 75% because the plaintiff prevailed on only two of eight theories challenging a pre–20–week abortion ban. *See Jane L. v. Bangerter,* 61 F.3d 1505 (10th Cir.1995). As the court said,

> If claims are related, failure on some claims should not preclude full recovery if plaintiff achieves success on a significant, interrelated claim.... The Supreme Court clearly held in *Hensley* that plaintiffs can argue alternative legal theories without being penalized at the attorneys fees stage if the court only adopts one of the theories.... We therefore hold that success on the due process claim precludes reduction of the lodestar on the basis of those alternative theories [*i.e.,* equal protection, involuntary servitude, and First Amendment].

*Id.* at 1512. In *Casey v. City of Cabool,* 12 F.3d 799 (8th Cir.1993), a fireman brought suit under 42 U.S.C. § 1983, arguing under several different theories that his discharge was due to statements he had made criticizing city officials. Affirming the fee award, the court said:

> The City contends that some of the time compensated was spent in pursuit of theories and on issues upon which Casey did not prevail. This argument ignores the precedents on this issue and their rationale. Once a party is found to have prevailed, "[a] fee award should not be reduced merely because a party did not prevail on every theory raised in the lawsuit."

*Id.* at 806 (quoting *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir.1991)). And in a case under the Age Discrimination in Employment Act, where the plaintiff had prevailed on only *one of five* related claims, the court found:

> In the present case, the defendant argues that plaintiff's claim for attorneys' fees should be reduced because plaintiff succeeded on only one of his five claims of discrimination and failed to succeed on his constitutional claims. Nonetheless, this court believes that plaintiff achieved "excellent results" in this case. Although the plaintiff alleged that he was denied five separate promotions, he could only have recovered backpay for one. Furthermore, the plaintiff could not have been reinstated into more than one of these positions. Plaintiff recovered as much as he could have if he had prevailed on all five claims.... Therefore, under the analysis set out in *Hensley,* plaintiff would recover the full amount of reasonable hours worked on this litigation at a reasonable rate of pay.

*Krodel v. Young,* 576 F.Supp. 390, 396 (D.D.C.1983). *See also Morgan v. District of Columbia,* 824 F.2d 1049, 1065–67 (D.C.Cir. 1987) (affirming award for time spent on "unsuccessful" claims related to plaintiff's successful claim); *Hendrickson,* 934 F.2d at 164 (affirming award and noting that "compensation should not be awarded on a claim-by-claim basis ... [but] should be based on all hours reasonably expended to achieve a successful result").[3]

---

3. We must take issue with our dissenting col-
league's statement that this interpretation of

■ The key question is whether the work was reasonably done in pursuit of the ultimate result. In other words, would a private attorney being paid by a client reasonably have engaged in similar time expenditures? *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993). A lawyer who wins full relief for her client on one of several related claims, spending a reasonable overall amount of time relative to the relief awarded, is not apt to be criticized because the court failed to reach some of the grounds, or even ruled against the client on them.[4] In fact, a lawyer may not be able to meet her ethical obligations if she does not pursue reasonable, alternative claims. *See Nydam v. Lennerton*, 948 F.2d 808, 812 (1st Cir.1991) (awarding fees for unsuccessful, related claims "supports the underlying purpose of . . . encouraging attorneys to take civil rights actions in view of the ethical duty of zealous representation").[5]

After the fact, it is of course easier to identify which arguments were winners and which were losers and state forcefully how an attorney's time could have been better spent. But litigation is not an exact science. In some cases, the lawyer's flagship argument may not carry the day, while the court embraces a secondary argument the lawyer rated less favorably. That is precisely why lawyers raise alternative grounds—a practice which is explicitly sanctioned by our Rules of Civil Procedure. *See* FED.R.CIV.P. 8(e) ("A party may set forth two or more statements of a claim or defense alternately. . . .").[6]

■ There are, moreover, four distinct safeguards which will prevent an attorney from obtaining an unfair windfall when she pursues multiple claims. First, where claims are groundless or not raised in good faith the attorney should get no award for hours spent on those claims, even if the claims are related to other, meritorious claims. Second, where the claims do not share a common basis in

---

*Hensley* "bucks an impressive array of authority from the other circuits." Dissenting Opinion ("Diss.Op.") at 1390. Not only do the cases discussed in the text show there is considerable authority in accord with our position, but a number of the cases cited by the dissent address the issue only in *obiter dicta. See, e.g., Fleischhauer v. Feltner*, 3 F.3d 148, 152–53 (6th Cir.1993) (district court did not, in fact, reduce the award for unsuccessful fraud claim, because it determined that RICO claims dominated the suit); *Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir.1993) (appeals court decision rendered plaintiff no longer a prevailing party, necessitating remand). And other cases cited do not appear to be as clear on the issue as the dissent suggests. *See, e.g., Estate of Borst v. O'Brien*, 979 F.2d 511, 516 (7th Cir.1992) ("a partially prevailing party should be compensated for the legal expenses the suit would have generated had it involved only the prevailing *and other related claims*" (emphasis supplied)); *Greater L.A. Council on Deafness v. Community TV of So. Cal.*, 813 F.2d 217, 222 (9th Cir.1987) ("Of course, plaintiffs need not prevail on every claim to receive a full fee."). *See generally* Diss.Op. at 1390–91 & n. 2.

**4.** The dissent apparently concedes that where a plaintiff obtains "excellent" results, *Hensley* proscribes a reduction in fees solely on the grounds that the plaintiff failed to prevail on a related claim. *See* Diss.Op.at 1389. As the dissent would have it, however, if a plaintiff falls short of an "excellent" result by even the thinnest of margins, *all* hours expended on related, unsuccessful claims could be excluded. This notion

seems intuitively wrong and counter to the general thrust of *Hensley* that the award be based on the results obtained by the plaintiff. Instead, it would create an artificial "notch" effect whereby the plaintiff who falls just short of "excellent" results would risk having her attorney's fees substantially reduced.

**5.** The ABA Model Rules of Professional Conduct and ABA Model Code of Professional Responsibility list as a relevant factor in determining the reasonableness of a fee, "the amount involved and the results obtained." Neither suggests that a claim-by-claim approach to evaluating reasonableness is appropriate. *See* MODEL RULES OF PROFESSIONAL CONDUCT RULE 1.5(a) (1983); MODEL CODE OF PROFESSIONAL RESPONSIBILITY DR–2–106(B) (1969).

**6.** In rejecting a challenge by appellants that the prevailing party should not have received reimbursement for hours expended after a settlement offer had been made because "these hours did not contribute sufficiently to the monetary relief ultimately obtained by appellees," the court said that appellant's argument.

succeeds only if we were to engage in an *ex post facto* determination of whether attorney hours were necessary to the relief obtained. The relevant issue, however, is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.

*Grant v. Martinez*, 973 F.2d at 99.

fact or are not legally related, the court need not award fees if the claims prove unsuccessful.[7] Third, if the district court finds that the attorney failed to exercise billing discretion with respect to any of the hours, the court may reject those hours as not reasonably expended.[8] And finally, if the district court determines and explains why the total hours expended were not reasonable in relation to the results obtained—regardless of the number of claims raised—the court has discretion to reduce fees.[9]

The upshot is that "a plaintiff is not *automatically* entitled to all of her attorney's fees in a case in which she prevailed on some but not all claims." *See Fishman v. Clancy*, 763 F.2d 485, 491 (1st Cir.1985) (emphasis supplied) (affirming an award of approximately 80% of plaintiff's fees, where plaintiff succeeded on only one of three related claims). *Hensley* by no means entitles

plaintiffs to reimbursement of their entire fees if they pursue multifarious and marginal claims.[10] And where the pursuit of multiple claims inflates the total hours beyond what is reasonable for the litigation, a reduction is clearly appropriate. Indeed, the courts have in many instances properly reduced fees where a plaintiff failed to prevail on related claims.[11] However, a reduction is not appropriate if it is based solely on a plaintiff's failure to prevail on a related claim; the focus must be on whether the hours were reasonably expended in relation to the results obtained.[12]

Here, the district court did not determine that Goos' breach of contract claim was frivolous or raised in bad faith, and the court was bound by our determination that the breach of contract claim was related to her retaliatory discharge claim. *See Goos I*, 997 F.2d at 1569. Nor did the district court

---

7. If claims are peripheral to the primary claim or do not share a common nucleus, the court is to treat those claims as if they were raised in separate lawsuits. *See Texas Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 1492, 103 L.Ed.2d 866 (1989).

8. *Hensley* requires the district court to "exclude from this initial fee calculation hours that were not 'reasonably expended.'" 461 U.S. at 434, 103 S.Ct. at 1939 (quoting S.Rep. No. 94–1011 at 6 (1976)) U.S.Code Cong. & Admin.News 1976, p. 5908, at 5913. As the court explained:

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* at 434, 103 S.Ct. at 1939.

9. The *Hensley* Court discussed a case in which "a fired schoolteacher had sought reinstatement, lost wages, $25,000 in damages, and expungement of derogatory material from her employment record." *Id.* at 438 n. 14, 103 S.Ct. at 1942 n. 14 (citing *Brown v. Bathke*, 588 F.2d 634 (8th Cir.1978)). The plaintiff obtained lost wages and expungement, but did not get reinstatement or other damages. As the Supreme Court said:

> In remanding the Eighth Circuit implied that the District Court should not withhold fees for work on unsuccessful claims unless those claims were frivolous. Today we hold otherwise. It certainly was well within the *Brown* District Court's discretion to make a limited

fee award in light of the "minor" relief obtained.

*Id.*

> In contrast, Ms. Goos succeeded in demonstrating her "central and difficult-to-prove factual premise … that the NAR had engaged in a retaliatory dismissal." *Goos I*, 997 F.2d at 1569. Thus she succeeded on her core claim, and her victory was not "minor."

10. Here, however, we are not presented with a situation where the plaintiff threw everything but the kitchen sink into her complaint. Goos had only two counts, and despite her failure to prevail on Count II, it is nowhere suggested that this count was frivolous, patently unreasonable, or inappropriate to this litigation.

11. *See, e.g., Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990) (court may deduct hours that were "distinct in all respects" from claims on which plaintiff did succeed, may deduct hours that are inadequately documented, and may deduct hours if not reasonable in light of the results obtained); *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1466 (9th Cir.1988) (deduction may be made where " 'full compensation' would exaggerate plaintiff's overall success"), *vacated on other grounds*, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989).

12. Where a related claim would potentially have yielded the plaintiff *additional* relief, the failure on that claim will of course be relevant in determining the plaintiff's overall success. But where, as is the case here, the unsuccessful claim could not have given relief beyond the scope of the successful claim, the fact of failure is not an independent basis for a reduction.

base its reduction on any lapse in billing judgment on the part of Goos' attorney. And finally, the district court never did explain how a 65% reduction was justified in light of the results Goos obtained. Indeed, the only explanation the court gave was its statement that "Although plaintiff asked for a $20,000 award of actual damages at trial, the jury awarded her only 45%, or $9,000.... Treating the counts as arising from a common nucleus of operative facts, as it must, this Court finds the total work done compared with the total relief obtained warrants a reduction in fees of 65%." We do not believe this qualifies as the sort of explanation required by *Hensley* because it does not explain *why* the reduction was justified. *Cf. Norris v. Hartmarx Specialty Stores,* 913 F.2d 253 (5th Cir.1990) (remanding case to district court for better explanation of why reduction in fees was justified). Indeed, the district court appears to have reduced Goos' fees in part on the basis of Count II—not merely because she *failed* on Count II, but because she even *raised* it.[13] Under the circumstances of this case, we do not believe Goos' pursuance of Count II—by itself—is a sufficient ground to warrant any additional reduction in her fees.

The bottom line is that "the district court should focus on the significance of the overall relief obtained ... in relation to the hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. The "most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941. The overarching fact is that Ms. Goos *did* prevail in this case. A jury found that she had been discharged in a retaliatory manner, in violation of the District of Columbia Human Rights Act. While it remains in the discretion of the district court to determine the extent to which the fees expended in this case are justified, the court must do so in light of the relationship between the fees and Goos' overall success, without penalizing her for raising and failing to prevail on an alternative theory of recovery.

13. It is hard to infer anything different from the court's statement:
Additionally, while the work done on count 2 related to the work done on count 1, count 2 was admittedly redundant. The time was not

## III. Conclusion

When we first considered this case we noted that remanding attorney's fees cases is undesirable. *Goos I,* 997 F.2d at 1565 (citing *Grano v. Barry,* 783 F.2d 1104, 1113 n. 4 (D.C.Cir.1986)). Similarly, the Supreme Court has commented that a "request for attorney's fees should not result in a second major litigation." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. Nonetheless, we see no alternative but to remand again, because the ultimate determination of the degree of a plaintiff's overall success is most appropriately made by the trial court.

*So ordered.*

RANDOLPH, Circuit Judge, dissenting:

We have said again and again—and the majority says it yet again—that the decision whether to award attorney's fees, and in what amount, is entrusted to the "broad discretion" of the district court. But each time we render the sort of decision handed down today, that discretion becomes narrower and narrower. Strict legal rules, embodied in our opinions, begin to replace the good judgment of district judges in these matters. A familiar cycle takes over. The more rules we create, the more appeals we encourage, the more opinions we hand down, the more rules we impose. Discretionary justice, then, begins to take on the appearance of non-discretionary justice, wielded from the appellate bench.

Of course, if higher authority has mandated a particular principle, we must apply it. But the rules announced in the majority opinion are not of that sort. The Supreme Court's decision in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), does not stand for the majority's central proposition that a district court, in determining a plaintiff's degree of success in the litigation, is precluded from considering the

*"reasonably* expended on the litigation." As such, the "relief obtained" for that work was zero, and would have been even if plaintiff prevailed on count 2.
Mem.Op. at 3.

plaintiff's failure to prevail on related claims.[1] Here is the segment in *Hensley* my colleagues find critical: "Where a plaintiff has obtained excellent results ... the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 435, 103 S.Ct. at 1940. This does not fit Goos. She mounted two claims, one for breach of contract, the other for retaliatory discharge. Her complaint sought $1.5 million in damages and reinstatement of employment. She lost the breach of contract claim on summary judgment. Before trial, she turned down an $18,000 settlement offer. At trial, she argued that she had proven $19,000 to $20,000 in damages for back pay and lost benefits, and continued to seek unspecified damages for humiliation. The jury awarded her $9,000. While this is more than a nominal victory, it scarcely qualifies as an "excellent result." At the least, the district court was not required to give her an "A" for success.

Ms. Goos, then, falls within the common sense holding of *Hensley* that when a plaintiff has achieved only limited or partial success, a district court may reduce the fee award to account for the limited success. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id.* at 436, 103 S.Ct. at 1941. It is true that *Hensley* repeatedly stressed that the critical factor was the "degree of success obtained." Yet *Hensley* also recognized that failure to prevail on a related but distinct claim was an element of the degree of success. The Supreme Court cited a case in which the plaintiff prevailed on only one out of six related claims as an example of the type of case in which a reduction in fees would clearly be in order. *Id.* In *Hensley* itself the plaintiffs prevailed on five of their six claims and the district court awarded them reasonable fees because it found the results were significant. Yet the Supreme Court remanded, stating that "the inquiry does not end with a finding that the plaintiff obtained significant relief. A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* at 440, 103 S.Ct. at 1943.

The majority notices that plaintiffs' lawyers often bring several claims and make several legal arguments in one lawsuit. That is true, but beside the point. Fees are to be awarded for success, not for "devotion and skill." *Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941. The logic of *Hensley* is easy to follow: when claims are legally or factually related it will be difficult for courts to divide the hours on a claim-by-claim basis because much of a lawyer's time will be spent advancing the litigation as a whole, rather than working specifically on one claim. Therefore, courts should not simply reduce the fees by 50% if a plaintiff succeeds on only half of her claims.

*Hensley* did not hold, however, that whenever a plaintiff brings two or more related claims she is entitled to recover all of her attorney's fees as long as she achieved more than "minor" success on one of them. Rather, the *Hensley* Court, recognizing the obvious, believed that there would be times when a plaintiff's partial or limited success—including failure to prevail on related claims—would render an award of fees based on all of the hours spent on the litigation excessive. The *Hensley* opinion speaks for itself:

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

*Id.* at 436–37, 103 S.Ct. at 1941.

I think the only plausible interpretation of *Hensley* is that whenever the plaintiff does not hit the jackpot, when the result is not "excellent," the plaintiff's lack of success on a related claim is a relevant factor in determining the appropriate amount of attorney's fees. We recognized as much in *Goos v. National Ass'n of Realtors,* 997 F.2d 1565 (D.C.Cir.1993) ("*Goos I* "). The last sentence in the *Goos I* opinion reads: "Because that

---

1. I shall assume, as does the majority, that *Hensley* 's interpretation of 42 *U.S.C.* § *1988,* governs our interpretation of the District of Columbia statute authorizing an award of a reasonable attorney's fee to plaintiff Goos in this case. (D.C. Code Ann. § 1–2553(a)(1)(E)).

inquiry [the determination of the degree of Ms. Goos's success] is subject to the discretion of the trial court, and because Ms. Goos's failure to prevail on her contract claim must be considered as part of that analysis, we remand the case." *Id.* at 1573. This strikes me as perfectly clear—Ms. Goos's success was limited in at least two distinct ways: she received significantly less damages than she sought and she failed to prevail on her contract claim.

One need not plunge into deep legal analysis to realize that any other rule makes no sense. Where is the logic in saying—as the majority does—that a plaintiff's failure to prevail on a related claim has no bearing on the plaintiff's overall degree of success? If a plaintiff seeks some remedy or some legal ruling in her favor and spends time and resources to achieve that goal but ultimately fails, her "degree of success" has been reduced by that failure—and so should the attorney's fees the defendant is ordered to pay. Of course there may be cases in which the relative unimportance of one legal issue—given the scope of the litigation, or the plaintiff's ultimate success on other claims—justifies a complete fee award. But I fail to see how a district court abuses its discretion whenever it takes into account the plaintiff's loss on a claim related to the one producing a victory of less than excellent proportions.

I am far from alone in believing that a plaintiff's failure to prevail on a related claim may be weighed in determining the plaintiff's degree of success. In *Popham v. City of Kennesaw,* 820 F.2d 1570 (11th Cir.1987), the court of appeals upheld a reduction in attorney's fees based partly on the fact that plaintiff prevailed on only one of his eight claims. The *Popham* court held that comparing the number of successful claims to the number of unsuccessful claims "is germane to determining the degree of the plaintiff's success." *Id.* at 1579.

Among the many other appellate decisions contrary to the majority's decision are the following. *Fleischhauer v. Feltner,* 3 F.3d 148, 152–53 (6th Cir.1993), ruled that "the power to determine the reasonable attorney fees owing to qualified litigants ... includes the discretion to reduce the amount of the fee award based on unsuccessful claims." *Durant v. Independent School Dist. No. 16,* 990 F.2d 560, 566 (10th Cir.1993), remanded for a determination whether reduction of attorney's fees was appropriate in light of plaintiff's failure to prevail on a related claim. *Estate of Borst v. O'Brien,* 979 F.2d 511, 516 (7th Cir.1992), took into account the fact that plaintiff was successful on only one of his claims, which appeared to be legally and factually related to his unsuccessful claims. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990), stated that "this general reduction [of the lodestar] accounts for time spent litigating wholly or partially unsuccessful claims that are related to the litigation of the successful claims." *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1466 & n. 11 (9th Cir.1988), *vacated on other grounds,* 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), "read *Hensley* as requiring a reduction for limited success even when the claims are related." *Jean v. Nelson,* 863 F.2d 759, 771–72 (11th Cir.1988), *aff'd on other grounds,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), upheld a 15% reduction in fees for time spent on related unsuccessful claims. *Greater L.A. Council on Deafness v. Community TV of So. Cal.,* 813 F.2d 217, 222–23 (9th Cir.1987), reduced fees by 60% based partly on plaintiffs' failure to prevail on related claims. *See also Allen v. Allied Plant Maintenance Co. of Tennessee,* 881 F.2d 291, 299–300 (6th Cir.1989).

In short, the district court had discretion to consider Goos's failure to succeed on her related claim when it determined the degree of her overall success in the litigation. The majority opinion rests on a misreading of *Hensley.* It bucks an impressive array of authority from the other circuits.[2] And it

---

**2.** The majority opinion is able to cite only one case, *Jane L. v. Bangerter,* 61 F.3d 1505 (10th Cir.1995), in which a court held that it would be an abuse of discretion to reduce a plaintiff's attorneys fees despite her lack of success on related claims. *Jane L.* strikes me as resting on

the same mistaken analysis the majority employs here. Other cases the majority invokes merely uphold district court decisions that the plaintiffs' level of success merited a complete fee award. *See Morgan v. District of Columbia,* 824 F.2d 1049, 1066 (D.C.Cir.1987); *Grant v. Martinez,*

supplants the discretion of the trial courts with what is rapidly becoming a detailed appellate code governing awards of attorney's fees. I therefore respectfully dissent.

---

973 F.2d 96, 101 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993) ("If ... unsuccessful claims [interrelated with the successful claims] exist the court must determine whether the plaintiff's level of success warrants a reduction in the fee award."); and *Krodel v. Young,* 576 F.Supp. 390, 396 (D.D.C.1983) (plaintiff achieved "excellent results").

Another case cited in the majority opinion upheld fee reductions. *See Fishman v. Clancy,* 763 F.2d 485, 491 (1st Cir.1985) (upholding fee reduction for time spent on unsuccessful claims that were "factual sisters" to the successful claim).

Two additional cases the majority relies upon are simply not on point. The language quoted from *Lenard v. Argento,* 808 F.2d 1242, 1245–46 (7th Cir.1987), is dicta. The court upheld the fee reduction because it found that the successful and unsuccessful claims were unrelated. And in *Hendrickson v. Branstad,* 934 F.2d 158, 164 (8th Cir.1991), defendants did not argue that the fees should be reduced because the plaintiffs were not fully successful; they argued instead that the district court had misallocated the fees between the two defendants.