**Julie GOOS, Appellant,**

v.

**NATIONAL ASSOCIATION OF REALTORS, Appellee.**

No. 94–7182.

United States Court of Appeals, District of Columbia Circuit.

Jan. 30, 1996.

---

Alan Banov, Washington, DC, for appellant.

David D. Hudgins, Alexandria, VA, for appellee.

Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

Concurring statement filed by Circuit Judge RANDOLPH.

PER CURIAM.

Attorney for appellee National Association of Realtors requests rehearing and suggests rehearing *in banc* of the opinion entered in *Goos v. National Ass'n of Realtors,* 68 F.3d 1380 (D.C.Cir.1995) (*"Goos II"*). Appellee contends that attorney's fees awards by the district courts are entitled to great deference, and that *Goos II* restricts the discretion of the district courts, and in doing so, comes in conflict both with a prior decision in this case, *Goos v. National Ass'n of Realtors,* 997 F.2d 1565 (D.C.Cir.1993) (*"Goos I"*), as well as the controlling Supreme Court precedent, *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The nature of this suggestion leads us to believe that appellee may not have completely understood the limited nature of our holding, and we proffer the following clarification to obviate any further misunderstanding of the scope of the panel's opinion in *Goos II.*

The net result of *Goos II* is to require, per *Hensley v. Eckerhart,* a "'clear explanation of [the district court's] reasons for the fee award.'" *Goos II,* 68 F.3d at 1384 (quoting *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941). Indeed, if the district court provides an explanation on remand, the same dollar award may obtain.

What happened here is that the district court originally reduced the pre-settlement-offer fees by 30% for Goos' failure to prevail on her breach of contract claim (Count II) and then by another 50% based on her degree of success on her retaliatory discharge claim (Count I). In *Goos I,* we said that since the two claims were based on the same operative facts, they must be considered together and the appropriate reduction made on the basis of the relationship between the

fees sought and the overall relief obtained. In our concluding paragraph of *Goos I*, we explained our holding there:

> We find that the district court misread the Supreme Court's *Hensley* opinion in reducing Ms. Goos's pre-summary judgment fees by 30 percent. As Ms. Goos's claims were interrelated, the court should have moved directly to the second *Hensley* inquiry, the determination of the degree of Ms. Goos's success. Because that inquiry is subject to the discretion of the trial court, and because Ms. Goos's failure to prevail on her contract claim must be considered as part of that analysis, we remand the case.

997 F.2d at 1565. In other words, we said that rejection of Count II (the breach of contract claim) could not be the source of a 30% reduction, but instead the failure to prevail on that count must be considered along with the successful Count I in determining Goos' overall degree of success.

But on remand the district court again appeared to subtract Count II from the overall success calculation, saying:

> Additionally, while the work done on count 2 related to the work done on count 1, count 2 was admittedly redundant. The time was not *"reasonably* expended on the litigation." As such the "relief obtained" for that work was zero, and would have been even if plaintiff prevailed on count 2.

*See Goos II*, 68 F.3d at 1383–84. It is important to note that there was no attempt to justify the new percentage reduction by reference to the additional hours spent on the unsuccessful claim (which, incidentally, are estimated to be extremely small [1]). While the court said that it "finds the total work done compared with the total relief obtained warrants a reduction in fees of 65%," *id.*, it never explained how it arrived at that reduction, other than an allusion to the fact that Goos had received an award at trial of 45% of her actual damages, the exact same factor it used to justify the 50% reduction the first

time it determined fees. *Goos v. National Ass'n of Realtors*, No. 88–2926, Mem.Op. at 7, 1991 WL 333725, *3 ("Because the $9,000 award to the plaintiff was approximately half of her claimed actual damages, the Court shall reduce plaintiff's pre-summary judgment and post-summary judgment fees by 50 percent.").[2]

 If the district court on remand provides some more acceptable explanation for increasing the reduction for limited relief from 50% to 65% it can, of course, do so. It is common ground that where the relief obtained is "excellent" the plaintiff can obtain all of her fees, even if some of the claims are not successful. When the relief is short of "excellent" but is nonetheless substantial, it may be appropriate to reduce fees, but the reduction must be justified in light of the plaintiff's overall degree of success. Here, rather than explaining how Goos' failure to prevail on her contract claim diminished her overall degree of success, the district court appeared to penalize her for merely raising an alternative claim because it could not have provided any additional relief. In addition, the district court never explained how it decided on the specific percentage reduction it ordered.

\* \* \*

With this clarification, the petition for rehearing is hereby denied.

*So ordered.*

RANDOLPH, Circuit Judge, concurring:

Given the new light the court now sheds on this case, I join the court's opinion denying rehearing.

---

1. According to counsel for appellant, the fees directly attributable to Count II alone amount to $234. *See* Brief for Appellant at 20.

2. We noted with approval this calculation in *Goos I*, saying that "[t]he court, in its consider-

ation of success, met its obligation by comparing Ms. Goos's $9,000 jury award to the $19,000 to $20,000 claim for pay and benefits." 997 F.2d at 1572.